BOHNEN v. METZ, Comptroller, et al.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS.

Labor Law, Laws 1897, p. 462, c. 415, § 3, as amended by Laws 1899, p. 1172, c. 567, Laws 1900, p. 638, c. 298, and Laws 1906, p. 1394, c. 506, providing that every contract with the state or a municipal corporation involving the employment of laborers, workmen, or mechanics shall stipulate that no such laborer, etc., in the employ of the contractor, subcontractor, or other person doing or contracting to do the whole or a part of the work embraced in the contract, shall be permitted or required to work more than eight hours a day, or be paid less than the prevailing

rate of wages of the locality in which the work is to be done, and shall be void unless such stipulation is observed, does not include labor employed in the production of raw material necessary for municipal buildings and works, and a manufacturer supplying manufactured doors, windows, and other manufactured woodwork to a contractor for the erection of a municipal building in the city of New York was not a subcontractor within the meaning of the act, and hence the fact that such manufacturer employed workmen more than eight hours a day, and paid them less than the prevailing rate of wages in New York City, did not affect the validity of the contract; the fact that the contractor agreed to forfeit payments if he violated the law being immaterial.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6704–6705; vol. 8, p. 7806.]

Action by George J. Bohnen against Herman A. Metz, as comptroller of the city of New York, the city of New York, and Charles Wille. Submission of controversy under Code Civ. Proc. § 1279. Judgment directed for defendant Wille.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Maitland Beattie, for plaintiff.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly, Asst. Corp. Counsel), for defendants Metz, as comptroller, and the city of New York.

Edward M. Grout, for defendant Wille.

HOUGHTON, J. The parties submit their controversy under section 1279 of the Code of Civil Procedure, and by their stipulated facts show that the plaintiff is a citizen of the state and the defendant city a municipal corporation, and the defendant Metz its officer charged with the duty of authorizing the payment of any moneys due or to become due on a contract with such municipality; that a contract was made between the city and the defendant Wille for the erection of a municipal building for the sum of $30,000, in which building there were to be doors, windows, and other manufactured woodwork. By the contract Wille agreed that he would comply with the provisions of chapter 415, p. 462, Laws 1897, as amended, known as the "Labor Law," and that he would not permit or require any laborer, workman, or mechanic in the employ of himself or subcontractor, or other person doing or contracting to do the whole or a part of the work embraced in his contract, to work more than eight hours in any day, except in cases of emergency, and that he would pay the rate of wages prevailing in the locality, and that the contract should be void unless he should fully comply with such provisions of the labor law. In the course of construction, doors, windows, and other manufactured woodwork required for the building used in it were manufactured for the special purpose at the request of Wille by a manufacturer with the state of New York who employed workmen and mechanics more than eight hours a day, and paid them less than the prevailing rate of wages in the city of New York. By the terms of the contract $1,000 is now due, and the plaintiff, as a citizen of the state, pursuant to the right given him by section 4 of the labor law, challenges the right of the city and its fiscal officer to make

such payment, on the ground that Wille by purchasing doors, windows, and woodwork for the building from a manufacturer who employed his men more than eight hours a day and paid them less than the prevailing rate of wages forfeited his contract and the right of any payment thereunder. The city, through its officers, refuses to declare the contract void, and submits to the court whether or not it is its duty so to do.

Whether section 3 of the labor law (Laws 1897, p. 462, c. 415, as amended by Laws 1899, p. 1172, c. 567; Laws 1900, p. 638, c. 298; Laws 1906, p. 1394, c. 506), providing that every contract with the state or a municipal corporation involving the employment of laborers, workmen, or mechanics shall contain a stipulation that no such laborer, workman, or mechanic in the employ of the contractor, subcontractor, or other person doing or contracting to do the whole or a part of the work embraced in the contract, shall be permitted or required to work more than eight hours a day or be paid less than the prevailing rate of wages of the locality in which the work is to be done, and shall be void unless such stipulation is observed, be deemed constitutional or unconstitutional, the stipulated facts do not bring the contractor Wille within its provisions. The manufacturer who worked his men more than eight hours and who did not pay the prevailing rate of wages was not a "subcontractor or other person doing or contracting to do the whole or a part of the work" within the meaning of the statute. It was necessary that the windows and doors be made to measure, and therefore it was necessary that an order for their manufacture be given. The transaction amounted, however, to a mere purchase of material necessary for the building. The construction of the statute contended for by plaintiff would follow the iron beams necessary for a building to the mines, the woodwork to the logging camp, and the stone to the quarry, and would put a contractor to the hazard of forfeiture of his contract and all payments due him in the purchase of any material for the construction of any municipal building.

In 1905 the people adopted an amendment to section 1 of article 12 of the Constitution, providing that:

"The Legislature may regulate and fix the wages or salaries, the hours of work or labor, and make provision for the protection, welfare and safety of persons employed by the state or by any county, city, town, village or other civil division of the State, or by any contractor or subcontractor performing work, labor or services for the State or for any county, city, town, village or other civil division thereof."

By virtue of this constitutional power, the Legislature by chapter 506, p. 1394, Laws 1906, re-enacted section 3 of the labor law as it had been amended by chapter 298, p. 638, of Laws 1900, adding thereto only the provision that it should not apply to the "construction, maintenance and repair of highways outside the limits of cities and villages." Assuming that the present law is free from the vices of the former law pointed out in People ex rel. Cossey v. Grout, 179 N. Y. 417, 72 N. E. 464, and People v. Orange County Road Const. Co., 175 N. Y. 84, 67 N. E. 129, 65 L. R. A. 33, and kindred cases, it cannot be held that the Legislature intended to include labor em-

-ployed in the production of raw material necessary for municipal buildings and works. Presumptively the Legislature enacts labor laws to benefit and aid labor. If the law be held to embrace pur-·chased manufactured material, and to work a forfeiture of the contract and all payments earned, if in its manufacture and preparation for use the eight-hour law is not observed and the prevailing rate of wages of the locality is not paid, its presumed beneficent object will be defeated, for no municipal work will be done because no contractor will be foolhardy enough to enter into any contract liable to be annulled in such a manner. Labor laws, like any other law which the Legislature sees fit to enact, should be upheld by the courts where no constitutional violation exists, but no absurd interpretation which ·defeats their object should be permitted.

The situation is not changed because the defendant Wille con- ·tracted that he would forfeit payments if he violated the law. The material which he purchased did not come within the law as we view it, because the persons employed in the manufacture of the doors, windows, and woodwork ultimately used in the building were not ·employed "on, about, or upon such public work" within the meaning of the statute; and hence it was unimportant whether they were em- -ployed more than eight hours a day or were not paid the prevailing rate of wages.

Our conclusion is that the defendant Wille did not forfeit his ·contract, and that he is entitled to the payment due under it.

Judgment is directed for defendant Wille, with costs. All concur.