FRANK C. TITUS, Appellant, *v.* NEVILLE J. BOOKER et al., Respondents.

Stocks and stockholders — foreign laws — statute of foreign State requiring judgment against corporation and return of execution unsatisfied in that State as condition to action by creditor against stockholder to recover amount unpaid on stock — judgment and return of execution unsatisfied in this State insufficient to sustain action here based upon such statute.

1. Sections 20 and 49 of the General Corporation Law of Delaware (22 Del. Laws, ch. 394) providing that a creditor of a corporation, organized under that law, may maintain an action against any stockholder to compel payment of any balance unpaid on capital stock held by him, contemplates an action to be brought in Delaware against the corporation and an execution to be issued and returned unsatisfied in that State prior to the maintenance of an action against individual stockholders.

2. A judgment recovered in this State, therefore, against a Delaware corporation, and the return of an execution unsatisfied, is no sufficient basis for the maintenance here of an action at law by a single creditor, suing in his own behalf, under the law of Delaware, to compel stockholders of the corporation, residing in this State, to pay so much of the sum necessary to complete the amount of the par value of the stock held by each of them as shall be required to satisfy the judgment. The complaint, therefore, was properly dismissed.

*Titus* v. *Booker*, 216 App. Div. 608, affirmed.

(Argued January 25, 1927; decided February 23, 1927.)

APPEAL from a judgment, entered July 7, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by defendants for a dismissal of the complaint and granted said motion.

*Eugene A. Sherpick, Harold R. Medina* and *William Gilbert* for appellant. The Delaware statute provides no

exclusive or peculiar remedy preventing or limiting the enforcement of the substantive right created outside of the forum, and that the contractual right and obligation which it creates being lawful where made is enforcible everywhere. (*Du Pont* v. *Ball*, 106 Atl. Rep. 39; *Shipman* v. *Treadwell*, 200 N. Y. 472; *Howarth* v. *Angle*, 162 N. Y. 179.)

*R. Randolph Hicks* and *Thomas F. Compton* for Neville J. Booker et al., respondents. The relief sought by the plaintiff is based entirely upon the statutory liability imposed by the laws of Delaware giving creditors a peculiar and exclusive remedy and will not be granted by the courts of this State. (*Christensen* v. *Eno*, 106 N. Y. 97; *Marshall* v. *Sherman*, 148 N. Y. 9; *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54; *Bottlers Seal Co.* v. *Rainey*, 243 N. Y. 333.)

*William R. Crawford* and *Dean Emery* for Dean Emery, respondent. The cause of action set forth in the complaint cannot be maintained in this State. (*Marshall* v. *Sherman*, 148 N. Y. 9; *Flash* v. *Conn*, 109 U. S. 371; *Cooney* v. *Arlington Hotel Co.*, 101 Atl. Rep. 879; *Shipman* v. *Treadwell*, 200 N. Y. 472; *Knickerbocker Trust Co.* v. *Iselin*, 185 N. Y. 54.)

O'B<span style="font-variant:small-caps">RIEN</span>, J. Plaintiffs' assignor recovered a judgment in this State against a Delaware corporation, but the execution was returned unsatisfied and the supplementary proceedings revealed no assets. Any assets, if existing, are insufficient to satisfy the claims of creditors and especially of this plaintiff. Defendants are among the stockholders of this corporation, but whether they constitute all of them or even all those resident in this State we are not informed by the record. They either have paid nothing for their stock or have paid less than the par value, which is one dollar per share. The whole capital stock has not been paid in.

Plaintiff, as a single creditor, suing in an action at law, solely in his own behalf, demands judgment against these defendants, personally, for such proportion of the sum necessary to complete the amount of the par value of each share of stock held by each of them as shall be required to satisfy the judgment obtained by his assignor. The complaint is based upon sections 20 and 49 of the General Corporation Law of Delaware (22 Delaware Laws, ch. 394) which provides:

" Sec. 20. Stockholders, liability for part paid for stock: When the whole capital stock of a corporation shall not have been paid in, and the assets shall be insufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of the par value of such share as fixed by the charter of the company or its certificate of incorporation, or such proportion of that sum as shall be required to satisfy the debts of the company, in the case of stock without par value, this liability shall be limited to the unpaid balance of the consideration for which such stock was issued by the corporation, which said sum or proportion thereof may be recovered as provided for in Section 49 of this Chapter, after a writ of execution against the corporation has been returned unsatisfied, as provided for in Section 51 of this Chapter."

" Sec. 49. Liability of Officers, etc.— Actions for: When the officers, directors or stockholders of any corporation organized under this Chapter shall be liable by the provisions of this Chapter to pay the debts of the corporation, or any part thereof, any person to whom they are liable may have an action on the case against any one or more of them, and the declaration shall state the claim against the corporation, and the ground on which the plaintiff expects to charge the defendants personally; or the person to whom they are liable may have his remedy by bill in Chancery."

We think it clear that this statute contemplates an

action to be brought in Delaware against the corporation and an execution to be issued and returned unsatisfied in that State prior to the maintenance of an action against individual stockholders. The reference to section 51 strengthens our opinion. Indeed, the statute, in its entirety bears the stamp of an intention to enforce it locally. We ought not to assume to interpret it beyond this point but leave that function to the Delaware courts. If a judgment shall be obtained against the corporation in Delaware in conformity with the law as declared by the courts of that State and an execution against the corporation there returned unsatisfied, such judicial proceedings and their consequences will receive in our courts the full faith and credit due to them under the Federal Constitution. (*Hancock National Bank* v. *Farnum*, 176 U. S. 640; *Converse* v. *Hamilton*, 224 U. S. 243.)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed.