HARVEY P. CANNON, JR., an Infant, by SALVADOR J. CAPECELATRO, His Guardian ad Litem, Plaintiff, *v.* HARVEY P. CANNON, Individually and as Administrator, etc., of GRACE B. CANNON, Deceased, Defendant.

Supreme Court, Oneida County, September 30, 1939.

*Salvador J. Capecelatro*, for the plaintiff.

*Hart, Senior & Nichols*, for the defendant.

CROSS, J.   This is a motion under subdivision 5 of rule 106 of the Rules of Civil Practice of this State for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The plaintiff alleges in his complaint:

1. That he is fifteen years of age.

2. That he is the unemancipated son of the defendant Harvey P. Cannon and Grace B. Cannon, deceased, whose estate is also a defendant.

3. That he resided with the said Harvey P. Cannon and the said Grace B. Cannon, deceased, at the time of the incidents alleged in the complaint.

4. That on or about April 16, 1939, while he was riding in an automobile owned by his father and which was being operated at the time by his mother with the father's knowledge and consent, the automobile left the highway colliding with a tree, thereby severely injuring him.

5. That the accident with the resulting injuries to him was due solely to the negligence of his mother who was the operator of the car and that he himself was free from fault or negligence contributing thereto.

6. That his mother, the said Grace B. Cannon, sustained injuries in the said accident which resulted in her death.

7. That the father, Harvey P. Cannon, was appointed administrator of the mother's estate by the surrogate of Oneida county on or about July 18, 1939.

I think the rule laid down by the Court of Appeals in this State in *Sorrentino* v. *Sorrentino* (248 N. Y. 626) is controlling in the decision of this motion. In *Rozell* v. *Rozell* (281 N. Y. 106) it was held that a boy twelve years of age may maintain an action against his sister, a girl sixteen years of age, to recover for personal injuries resulting from the negligence of the sister. There, Judge RIPPEY, writing for the court, said (p. 112): " We are not changing any existing rule of law or modifying or upsetting any judicial decision."

In my opinion a decision in favor of the plaintiff on this motion would be a vain attempt to overrule the decision of the Court of Appeals above quoted. If the rule laid down in *Sorrentino* v. *Sorrentino* (*supra*) is to be changed, modified or upset, I think that should be done either by the Legislature or by the Court of Appeals.

Motion granted, with ten dollars costs to abide the event of the action.