HARVEY P. CANNON, JR., an Infant, by SALVADOR J. CAPECELATRO, His Guardian ad Litem, Appellant, v. HARVEY P. CANNON, Individually and as Administrator, etc., of GRACE B. CANNON, Deceased, Respondent.— Motion to strike brief of appellant from the records of this court denied, without costs. Memorandum: Plaintiff, an infant, brought this action against his father, individually and also as administrator of the estate of the plaintiff's mother, to recover for damages claimed to have been caused to the plaintiff by the negligence of his deceased mother in driving a car owned by the defendant, the infant's father. Neither in the complaint nor anywhere in the record does it appear that the plaintiff's father is protected against public liability by insurance. The appeal is from an order dismissing the complaint on the ground that it does not state a cause of action. (Rules Civ. Prac. rule 106.) There is authority for the Special Term's

---

* This motion was made against a decision of March 13, 1940, publication of which was directed too late for insertion in proper place. (See *ante*, pp. 788–791.) Such decision was as follows:

In the Matter of the Application of FRANCIS W. SUTTON, Petitioner, for a Peremptory Writ of Mandamus against Hon. JAMES T. CROSS, as Justice of the Supreme Court, etc., Impleading the Hon. DWIGHT N. DUDO, as District Attorney of Lewis County, Respondents.— Motion for a peremptory writ of mandamus denied. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. — [REP.

decision [174 Misc. 314] that " an action for personal injuries resulting from negligence may not be maintained against a parent by an unemancipated minor child." (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626.) The reason for the law announced in the *Sorrentino* case is that to permit such actions to be brought would tend to disrupt harmonious family relations. The plaintiff-appellant, in his brief, argued that public policy no longer demands a rule that unemancipated minors may not sue their parents in negligence, for the reason that parents owning automobiles protect themselves from liability by means of insurance, and the brief intimates that the defendant herein has such protection up to the limit of the demand for damages in the complaint. The motion now pending before us is one by the respondent to strike from appellant's brief all references to defendant's liability insurance, whether made as assertions of fact or as argument. The respondent claims that since the record contains no intimation that defendant is insured against any loss that will be suffered through the plaintiff's recovery, there is no basis for the statements and arguments in the brief in respect to insurance. We are not here called upon to decide the question whether or not an unemancipated minor may sue his parent provided the latter is insured against liability, and we, of course, cannot assume that defendant is insured, since the record does not support the assumption; but we, sooner or later, must meet the larger question which is presented by this appeal; and, in meeting that question, the portion of the brief here under attack may be considered as argument at least. The argument will not unduly influence the court's sympathy and may assist its thinking to a correct result. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ. [See, *post*, p. 1055.]