HARVEY P. CANNON, JR., an Infant, by SALVADOR J. CAPECELATRO, His Guardian ad Litem, Appellant, v. HARVEY P. CANNON, Individually and as Administrator, etc., of GRACE B. CANNON, Deceased, Respondent.— Judgment affirmed, with costs. Memorandum: The plaintiff has brought this action to recover damages for personal injuries suffered in an automobile accident. He was a passenger

in an automobile owned by his father and driven by his mother as the agent of his father and with the latter's knowledge and consent. The plaintiff alleges that the accident was caused by the reckless and careless manner in which his mother operated the automobile. The plaintiff's mother was killed in the accident. The action is against the father personally and as administrator of his deceased wife's estate. The complaint has been dismissed for failure to state a cause of action. The plaintiff alleges that he is the unemancipated infant son of his father and deceased mother. The plaintiff contends that an enlightened public policy requires that the rule laid down in *Sorrentino* v. *Sorrentino* (248 N. Y. 626) that an unemancipated infant cannot maintain an action against his father for damages suffered by reason of the latter's negligence should be abrogated. He also contends that he can, in any event, maintain his action against the estate of his deceased mother on the ground that her death emancipated him so far as her estate is concerned. This contention is opposed to the allegation of the complaint that the plaintiff is the unemancipated infant son of his father and deceased mother. We must follow the rule in the *Sorrentino Case* until it has been changed by decision of the Court of Appeals or by act of the Legislature. The rule in the *Sorrentino Case* applies to both parents. (*Carter* v. *Carter*, 235 App. Div. 654.) Section 118 of the Decedent Estate Law does not give the plaintiff a right of action against the estate of his deceased mother. That section provides in part: " No cause of action for injury to person or property shall be lost because of the death of the person liable for the injury." Had the mother survived, she would not have been liable to the plaintiff, hence he cannot maintain an action against the administrator of her estate. All concur. (The judgment dismisses the complaint in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ. [174 Misc. 314. See *ante*, p. 972.]