GAROFANO CONSTRUCTION Co., INC., Appellant, *v.* CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, June 10, 1943.

*Louis Rosenberg* and *Irwin H. Rosenberg* for appellant.

*Robert H. Schaffer, Acting Corporation Counsel* (*Paxton Blair* and *Fred Iscol* of counsel), for respondent.

OPINION *Per Curiam.* On the authority of *Bohnen* v. *Metz* (126 App. Div. 807, First Department, affirmed on opinion below, 193 N. Y. 676) and *Ewen* v. *Thompson-Starrett Co.* (208 N. Y. 245), we are bound to hold that subdivision 3 of section 220 of the Labor Law, commonly known as the Prevailing Rate of Wages Law, has no application to work on materials entering into the construction of a public works project where such work was not done at or about the site of the project and is not customarily and normally done at such site. This is the rule even though the work is actually done in the same city as the project itself, pursuant either to contract requirement or to the choice of the contractor. For the purposes of this appeal, the defendant has conceded that the work in controversy was not such as would normally be done at or about the site of the project.

We are not at all unmindful of the great progress made in labor and social welfare legislation and of the changed attitude of the courts of the State and of the United States in the interpretation of such legislation since the decision of the cases above cited. There has, however, been no substantive change whatever in the statute since those cases were decided and no indication, legislative or judicial, of any dissatisfaction or disagreement with the construction of the statute as announced in those decisions by the Court of Appeals. The dictum of that court in the *Ewen* case, which was not casual but carefully and thoroughly reasoned, is binding upon this intermediate appellate court and we are not free to depart from it. Particularly is this so where the statute, as the one here involved, is of such far-reaching public importance. (*Ryan* v. *City of New York,* 78 App. Div. 134, affd. 177 N. Y. 271; *Cannon* v. *Cannon,* 259 App. Div. 1055, affd. 287 N. Y. 425; *Titus* v. *Booker,* 216 App. Div. 608, affd. 244 N. Y. 421.)

Judgment and order reversed, with costs, defendant's motion denied and plaintiff's motion granted, with leave to defendant to appeal to the Appellate Division.

SHIENTAG, ROSENMAN and McLAUGHLIN, JJ., concur.