John Charles REDWINE, an Infant, Suing Through and By His Guardian, Jeannette Redwine, Appellant,

v.

N. L. ADKINS, Appellee.

Court of Appeals of Kentucky.

Oct. 28, 1960.

William R. Redwine, Sandy Hook, H. R. Wilhoit, Grayson, for appellant.

Gardner & Gardner, W. Major Gardner, West Liberty, Dysard, Dysard & Johnson, G. B. Johnson, Jr., Ashland, Sanders & Redwine, Fred B. Redwine, Pikeville, for appellee.

STEWART, Judge.

This suit stems from the same accident involved in the case of Adkins et al. v. Redwine. See Ky., 339 S.W.2d 633. Appellant, John Charles Redwine, a 14-year-old infant, who sued in a separate action by and through his guardian, Jeannette Redwine, was severely injured as a result of a collision between the Adkins and the Redwine cars. The infant sought a recovery in circuit court from appellee, N. L. Adkins, of $25,000 as damages. A jury verdict held Adkins not guilty of negligence and the lower court entered judgment dismissing the complaint. This appeal is from the judgment.

As this action arose out of the identical facts fully set forth in the case of Adkins et al. v. Redwine, mentioned above, we shall not repeat them here except only briefly, and reference is made to the opinion of that case for a complete statement in this respect. John Charles Redwine was an occupant in the car driven by his father, John R. Redwine, when the latter's car collided with the Adkins car.

Young Redwine's action was instituted solely against Adkins. As he was an unemancipated child, he could not obtain a recovery against his father, John R. Redwine, for his injuries. See Harrelson v. Thomas, Ky., 269 S.W.2d 276. However, his suit will nevertheless lie against Adkins alone for all the damages he sustained upon a determination that Adkins' negligence concurred to bring about the infant's injury. See Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S.W.2d 491.

As shown by the evidence recited in the opinion of Adkins et al. v. Redwine, cited above, Adkins by his own admission failed to keep a lookout for on-coming traffic with the result that he drove his car into the pathway of the Redwine car at a time when Redwine was so near him that the two cars collided.

It is our view the evidence in this case conclusively establishes that Adkins was

guilty of negligence as a matter of law in respect to the accident. It follows that appellant was entitled to a directed verdict and to have damages assessed in his favor against appellee.

Wherefore, the judgment is reversed with directions that it be set aside and that a new trial be had for the purpose of determining what damages, if any, appellant, John Charles Redwine, sustained.