No. 20,089.

DAVID LEROY TREVARTON, BY HIS MOTHER AND NEXT FRIEND, BETTY HAZEL, v. LLOYD TREVARTON.
(378 P. [2d] 640)

Decided February 4, 1963.
February 25, 1963, Opinion modified and rehearing denied.

Mr. Spiro A. Fotopulos, for plaintiff in error.

Messrs. Wood, Ris and Hames, Mr. Stephen E. Connor, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties are here in the same order they appeared in the trial court.

The sole question presented for review is whether an unemancipated minor son can recover damages from his father for personal injuries suffered as a result of the alleged negligence of the father, who, it is charged, was at the time of the injuries:

" * * * cutting, felling and loading trees in Boulder County, Colorado.

"That on or about July 6, 1959, * * * , the defendant, Lloyd Trevarton carelessly, negligently and recklessly allowed a felled tree, to be dragged across, upon and against the plaintiff, * * * who was sleeping near the felled tree during loading and cutting of the trees."

The trial court concluded as a matter of law there could be no recovery under the facts set forth above, the father being immune from suit by a minor child, and granted the motion of the father for summary judgment.

Plaintiff is here by writ of error seeking reversal.

The question presented is of first impression in this court, and no judicial precedents exist in this state for resolving the problem, nor do we have a statute granting or denying relief in such circumstances.

Many decisions of sister states deal not only with the precise problem before us, but many variations thereof. The results reached by these authorities and the reasons assigned are at wide variance.

In 67 C.J.S. 787, Parent and Child, §61 (b) (2), we find the following rule:

"Generally speaking, an unemancipated minor child has no right of action against a parent or a person standing in loco parentis for the tort of such parent or person unless a right of action is authorized by statute, and the child may not, even after reaching majority, maintain an action for a tort committed by the parent while the child was an unemancipated minor. * * * ."

The three earliest decisions of appellate courts in this country dealt with injuries intentionally inflicted on the child by the parent, and each held that there could be no recovery. In these cases no distinction is made between ordinary negligence and intentional wrong, and the courts adopted a rule granting to parents absolute immunity from liability to their minor unemancipated children.

The three cases referred to are: *Hewlett v. George,* 68 Miss. 703, 9 So. 885 (1891), a case in which the father was charged with maliciously causing his minor daughter to be imprisoned in an insane asylum; *McKelvey v. McKelvey,* 111 Tenn. 388, 77 S.W. 664 (1903), in which there were intentional physical injuries, and *Roller v. Roller,* 37 Wash. 242, 79 Pac. 788 (1905), where it was held that a minor unemancipated daughter could not maintain an action against her father for rape.

The principal reason urged for the rule of absolute immunity is stated in *Hewlett v. George,* supra, as follows:

" * * * The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent. * * * ."

More recent decisions involving intentional torts generally reject the holdings of these cases and abound in exceptions and variations of the rule of "absolute immunity."

To justify any rule of immunity courts have been wont to grasp desperately for reasons, but many, if not all, fail to withstand attack when subjected to the light of logic and reason.

Reasons advanced for the rule are dealt with in a painstaking and exhaustive opinion, authored by Justice Hamley of the Supreme Court of Washington, in the case of *Borst v. Borst,* 41 Wash. (2d) 642, 251 P. (2d) 149 (1952). He there enumerates the following reasons, advanced by various courts to support the rule:

(1) Public interest in maintaining family harmony and tranquility.

(2) Maintenance of parental authority and discipline.

(3) Prevention of fraud and collusion.

(4) Preservation of equal distribution of the family exchequer.

(5) Avoidance of useless litigation in that the parent may, in the event of the death of the child, inherit any money which the child may have recovered from the parent.

(6) Prevention of assertion of stale claims of minors on their reaching majority.

He then deals extensively with each reason and convincingly demonstrates that:

" * * * none of the arguments [reasons] which have been discussed above provides a logical and just basis for an absolute rule of immunity applicable to all actions arising in tort for the recovery of personal injury damages."

Many courts in dealing with the rights of minors to recover from parents for torts, distinguish between claims arising out of the negligence of the parent in the discharge of parental duties and the negligence of the

parent in connection with the conduct of his business or employment.

In the case before us it appears that the parent was engaged in his business or employment and that his alleged negligent acts had nothing to do with the discharge of parental duties.

Courts that continue to subscribe to the immunity doctrine recognize that the parent owes to the child the duty of due or reasonable care, their denial of recovery being based solely on public policy.

In *Dunlap v. Dunlap,* 84 N. H. 352, 150 Atl. 905, it is stated:

"To sum up our conclusions: Such immunity as the parent may have from suit by the minor child for personal tort arises from a disability to sue, and not from lack of violated duty. This disability is not absolute. It is imposed for the protection of family control and harmony, and exists only where a suit or the prospect of a suit might disturb the family relations. Stated from the viewpoint of the parent, it is a privilege, but only a qualified one. It is not an answer to a suit for an intentional injury, maliciously inflicted. It does not apply to an emancipated child, or to a case where liability in fact has been transferred to a third party."

And in *Hastings v. Hastings,* 33 N. J. 247, 163 A. (2d) 147, it is stated:

"The question is not one of the absence of a duty of reasonable care owed by the father to his child, but rather of immunity from suit thereon. Matters of immunity must be determined, in the absence of specific legislation, on the basis of policy or, perhaps more accurately, on the weighing of competing policies. Here we think the weight of a combination of policies dictates the result. In situations other than the precise one before us, consideration of the policies in the light of the specific facts may lead to different results, but it

will be time enough to announce a conclusion on them when the occasion is specifically presented to us."

In *Badigian v. Badigian*, 9 N. Y. (2d) 472, 174 N.E. (2d) 718, Judge Fuld, in a dissenting opinion, stated:

"A rule which so incongruously shields conceded wrongdoing bears a heavy burden of justification. For me, the burden is not met either by the early rationale or by other arguments more recently advanced. A parent who by negligence injures his minor child surely commits a civil 'wrong' in the sense that there is neither lawful right nor privilege to inflict the injury. And, conversely, the law does not, as I understand it, deliberately carve an exception in favor of parents out of the right of a minor child to be secure from negligent harm to his person."

■ Many courts deny the parent's claim to immunity where the injuries are inflicted by the parent in the performance of duties relating to business as distinguished from parental duties. We concur in the views of such courts. Typical cases are: *Dunlap v. Dunlap,* supra, where the son was assisting the father in construction work; *Lusk v. Lusk,* 112 W. Va. 17, 166 S.E. 538, where a sixteen-year-old daughter, a passenger in a school bus driven by her father, was injured due to his negligence; *Worrell v. Worrell,* 174 Va. 11, 4 S.E. (2d) 343, where a twenty-year-old daughter was a passenger on a bus owned by the father and used in his common carrier business; *Signs v. Signs,* 156 Ohio St. 566, 103 N.E. (2d) 743, where a seven-year-old child was burned while playing around a gasoline pump operated as a part of the business of the parent and his partner.

Under the circumstances alleged here we find no sufficient reason for denying to the child the remedy sought.

Upon the record before us the granting of the motion for summary judgment was error, hence the judgment

424

is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE MCWILLIAMS concur.