Betty J. **THURMAN**, Administratrix, etc.,
Appellant,

v.

Howard **ETHERTON**, Guardian, etc.,
Appellee.

Court of Appeals of Kentucky.

March 27, 1970.

Rehearing Denied Dec. 4, 1970.

E. E. Hubbard, Fulton, Hubbard & Kelly, Bardstown, for appellant.

J. Chester Porter, Givhan & Porter, Shepherdsville, for appellee.

CLAY, Commissioner.

This suit was brought by two infant children against the administrator of the estate of their deceased father to recover damages for personal injuries sustained in an automobile accident. The children were passengers in the car driven by the father and his alleged negligence in its operation was the cause of the accident (which also resulted in his death). The case was submitted to a jury and a verdict of approximately $9,000 was returned for each of the children. The principal question raised on appeal is whether the complaint should have been dismissed or a directed verdict granted the defendant on the ground that unemancipated infants have no cause of action against the estate of their deceased parent for his ordinary negligence.

Since 1891 there has been a recognized American doctrine that an unemancipated minor cannot maintain an action against his parent to recover damages for negligence. 19 A.L.R.2d 425, 439. This rule has been recognized in Kentucky. Harralson v. Thomas, Ky., 269 S.W.2d 276 (1954); Redwine v. Adkins, Ky., 339 S.W.2d 635 (1960); Harlan National Bank v. Gross, Ky., 346 S.W.2d 482 (1961). It has been criticized. Prosser, Law of Torts (3rd Ed.), § 116, page 886; A Child's Rights Against His Parent: Evolution of the Parental Immunity Doctrine, University of Illinois Law Forum—1967 (page 805). Alaska and New Hampshire have repudiated it. Hebel v. Hebel, Alaska, 435 P.2d 8 (1967); Briere v. Briere, 107 N.H. 432, 224 A.2d 588 (1966). It has been abandoned under a statute in North Dakota.

Nuelle v. Wells, N.D., 154 N.W.2d 364 (1967). Washington, Wisconsin, and Colorado have retreated from the rule as a general proposition. Borst v. Borst, 41 Wash.2d 642, 251 P.2d 149 (1952), (but see qualifications recognized in Stevens v. Murphy, 69 Wash.2d 939, 421 P.2d 668 (1966)); Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963); Trevarton v. Trevarton, 151 Colo. 418, 378 P.2d 640 (1963). Minnesota has recognized the right of a parent to sue his unemancipated minor child for ordinary negligence in the operation of an automobile. Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66 (1966).

The following reasons justifying the doctrine of parental immunity have been given:

"(1) Public interest in maintaining family harmony and tranquility.

(2) Maintenance of parental authority and discipline.

(3) Prevention of fraud and collusion.

(4) Preservation of equal distribution of the family exchequer.

(5) Avoidance of useless litigation in that the parent may, in the event of the death of the child, inherit any money which the child may have recovered from the parent.

(6) Prevention of assertion of stale claims of minors on their reaching majority.

Trevarton v. Trevarton, 151 Colo. 418, 378 P.2d 640 (1963), (a nonautomobile negligence case in which the parent was held liable to the child).

Does the fact that the parent has died sufficiently undercut the reasons for the rule and justify an action for ordinary negligence against the parent's estate? Apparently the first reported American case considering this question was from Wisconsin in 1940. In Lasecki v. Kabara, 235 Wis. 645, 294 N.W. 33, 130 A.L.R. 883 (1940), it was held that the death of the parent did not change the rule. However, that decision appears to have been effectively overruled in Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963). The only other case denying recovery against the parent's estate we have been able to find is Cannon v. Cannon, 259 App.Div. 1055, 20 N.Y.S.2d 605 (1940). More recently, Pennsylvania, Missouri and New Jersey recognize liability of the parent's estate to the injured child. Parks v. Parks, 390 Pa. 287, 135 A.2d 65 (1957); Brennecke v. Kilpatrick, Mo., 336 S.W.2d 68, 73 (1960); Palcsey v. Tepper, 71 N.J. Super. 294, 176 A.2d 818 (1962). It was said in those opinions that the death of the protected parent dissolved the family relationship and the public policy considerations which supported the rule of immunity no longer exist.

This court took a similar view in Harlan National Bank v. Gross, Ky., 346 S.W.2d 482 (1961). That case involved a suit by the administrator of a deceased infant against the child's father to recover damages for wrongful death allegedly caused by the negligent operation of an automobile by the father. While we held that the suit was maintainable under § 241 of the Kentucky Constitution and KRS 411.130, we observed (page 483 of 346 S.W.2d):

"* * * the reason for denying a cause of action in tort by a living child against its parent no longer applies to a suit by the child's administrator. The rule of non-liability is based upon a public policy to protect from disruption a family relationship. This potential evil is removed by the death of the child. Consequently there is no longer such a public policy objection to a claim asserted by an administrator."

The family status is altered in the identical manner when the parent dies, and the public policy considerations supporting the doctrine of parental immunity are no longer controlling. The reasons which may have justified barring the child's remedy against a living parent have lost their

compelling significance when the living-family relationship no longer exists. Therefore, the trial court properly submitted the merits of this controversy to a jury.

■ Appellant further contends the damages awarded were excessive. The infant plaintiffs were aged four and five respectively. They were each awarded $8,000 in addition to their medical expenses which approximated $1,000 each. Both children suffered severe lacerations to their faces and other cuts and bruises. This required extensive suturing and ultimately plastic surgery for the removal of scars. One child had a fracture of an orbital bone. The other suffered a broken leg and was in a cast for eight weeks. Both children required extensive hospitalization and medical care. The awards do not strike us as excessive.

Appellant finally contends that if we recognize liability of a parent's estate we are changing a long-recognized rule and our decision should be given prospective effect only. The fact is, we are not changing a long-established rule. The question before us is one of first impression. We have herein pointed out that the reasons for the rule of parental immunity when both the child and the parent are living are not applicable when the family status has been changed by the death of the child or the parent.

The judgment is affirmed.

HILL, C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

PALMORE, Judge (concurring).

I concur in the result, being convinced that the immunity rule is an unrealistic anachronism and should simply be abolished in so many words. Chief Justice Hill concurs in this viewpoint.

STEINFELD, Judge (concurring).

In the majority opinion it was noted that "Since 1891 there has been a recognized American doctrine that an unemancipated minor cannot maintain an action against his parent to recover damages for negligence. 19 A.L.R.2d 425, 439. This rule has been recognized in Kentucky. (citing cases)." In view of that rule I am convinced that the legal fraternity has long considered that a tort action by an unemancipated child would not lie against its parent's estate.

While I concur in the result in this case, I am apprehensive that the opinion of the majority may stir up stale claims and thereby disrupt tranquility among the remaining family members, which was one of the important reasons supporting the doctrine of parental immunity. As was done in Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963), I would hold that this decision should be effective only in the controversy before us and in such cases as arise from occurrences taking place after the issuance of the mandate herein.

MILLIKEN, J., joins with me in this separate concurring opinion.