Nicholas SCHLESSINGER, By and Through his Next Friend and Mother, Cynthia SCHLESSINGER, Plaintiff–Appellant,

v.

Kenneth SCHLESSINGER, Defendant–Appellee.

No. 87CA0120.

Colorado Court of Appeals, Div. III.

May 18, 1989.

Rehearing Denied June 22, 1989.

Certiorari Granted Oct. 30, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

**118**

The Law Firm of Chris Melonakis, Chris Melonakis, Northglenn, for plaintiff-appellant.

Hall & Evans, Eugene O. Daniels, Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Nicholas Schlessinger, an infant, was injured while riding as a passenger in a car driven by his father, Kenneth Schlessinger. Plaintiff, through his mother and next friend, Cynthia Schlessinger, sued his father for negligence. Based on the doctrine of parental immunity, the trial court dismissed the claims. On plaintiff's appeal, we reverse.

The sole issue in this appeal is whether the parental immunity doctrine, as expressed in *Trevarton v. Trevarton*, 151 Colo. 418, 378 P.2d 640 (1963), applies to cases in which a child is injured in an automobile accident that is caused by the negligent operation of a motor vehicle by the child's parent. We conclude that the parental immunity doctrine has been abrogated by the enactment of the Colorado Automobile Accident Reparations Act, § 10–4–701 et seq., C.R.S. (1987 Repl.Vol. 4A) (Act), and that, therefore, plaintiff's cause of action was not precluded by that doctrine.

■ Under the doctrine of parental immunity, liability of a parent to his child may be predicated solely upon willful and wanton misconduct, and claims premised on simple negligence are not sustainable. *See Horton v. Reaves*, 186 Colo. 149, 526 P.2d 304 (1974).

Plaintiff contends, however, that the Act requires that *all* victims injured in automobile accidents, including the children of the driver, must be adequately compensated through compulsory liability insurance coverage. Consequently, plaintiff asserts that the doctrine of parental immunity is not applicable to situations in which the Act applies. We agree.

When construing the Act, we must read and consider it as a whole to determine the intent of the General Assembly. *Dodge v. Department of Social Services*, 657 P.2d 969 (Colo.App.1982). We must also construe the entire Act to give consistent, harmonious, and sensible effect to all parts, and must consider the ends it was designed to accomplish and the consequences which would follow from alternate constructions. *Redin v. Empire Oldsmobile, Inc.*, 746 P.2d 52 (Colo.App.1987). *See also Colorado—Ute Electric Ass'n v. Public Utilities Commission*, 760 P.2d 627 (Colo.1988).

■ In determining the intention of the General Assembly in promulgating the Act, we first look to the legislative declaration of purpose. *See In re Interrogatories of U.S. District Court*, 686 P.2d 790 (Colo. 1984). The legislative purpose in adopting the Act was to avoid inadequate compensation to victims of automobile accidents and the possible consequent effects on society as a whole, and to require that motor vehicle owners purchase insurance policies providing coverage for both liability and Personal Injury Protection benefits. Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A); *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984). Our task is to ascertain and give effect to this intention. *See People v. District Court*, 713 P.2d 918 (Colo.1986).

■ The ends which the Act was designed to accomplish, *i.e.*, avoiding inadequate compensation to victims of automobile accidents, would be frustrated by further application of the parental immunity doctrine. As our supreme court stated in

*Meyer v. State Farm Mutual Automobile Insurance Co., supra:*

> "Where a claimant happens to be ... a member of the insured's family, he/she is nonetheless entitled to the adequate compensation for the injuries sustained. Even though these classes of accident victims are entitled to receive [Personal Injury Protection] benefits, such benefits may not provide the adequate compensation contemplated by the Act."

Further, exclusion of plaintiff from liability coverage under § 10–4–706(1)(a), C.R.S. (1987 Repl.Vol. 4A) is contrary to the intention expressed in § 10–4–702. The mere fact that relatives of the insured are specifically covered under § 10–4–707(1)(b), C.R.S. (1987 Repl.Vol. 4A), which applies only to Personal Injury Protection benefits, does not mean that the General Assembly has approved their exclusion from liability coverage. Liability coverage and Personal Injury Protection benefits are separate and distinct coverages. *See Meyer v. State Farm Mutual Automobile Insurance Co., supra.*

Thus, to exclude victims such as plaintiff from receiving the liability coverage benefits set forth in § 10–4–706(1)(a) because § 10–4–707 does not specifically address their liability coverage would also require the exclusion of "all vehicle passengers and drivers or pedestrians" from liability coverage as their liability coverage benefits are also not addressed by § 10–4–707. *Meyer v. State Farm Mutual Automobile Insurance Co., supra.* This consequence was certainly not intended by the General Assembly and is contrary to the policy of the Act.

Consideration of the purpose of the Act and its provisions leads us to conclude that application of the doctrine of parental immunity to a motor vehicle accident covered by the Act would violate the public policy inherent in the Act. Indeed, only by applying the liability coverage benefits of the Act to all victims of accidents can we give consistent and harmonious and sensible effect to all parts of it. Thus, the trial court erred in ruling that the doctrine of parental immunity barred the action here at issue.

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with the views expressed herein.

TURSI and CRISWELL, JJ., concur.