**Alyssa ROTER and Amber Roter, Protected Persons by their Conservator, Stacy MARGOLIN, Plaintiffs–Appellants,**

v.

**TERROR MINING COMPANY, INC. and David L. Roter, Defendants–Appellees.**

**No. 91CA1109.**

Colorado Court of Appeals,
Div. III.

Aug. 27, 1992.
Rehearing Denied Sept. 24, 1992.
Certiorari Granted March 8, 1993.

Feder, Morris, Tamblyn & Goldstein, P.C., Leonard M. Goldstein, Denver, for plaintiffs-appellants.

Cooper & Kelley, P.C., Kay J. Rice, Ann M. Thompson, Denver, for defendants-appellees.

Opinion by Judge SMITH.

Plaintiffs, Alyssa and Amber Roter, by their conservator, Stacy Margolin, appeal from a summary judgment dismissing their claims against defendants, David Roter and Terror Mining Corporation (corporation), for negligence and careless and reckless driving. We reverse.

The following facts, based on the pleadings, Roter's deposition, and various documentary evidence filed in connection with the motion for summary judgment are not in dispute. Plaintiffs, age 2 and 4 years old, were severely injured while riding in the rear bed of an off-road construction vehicle (Unimog) driven by their father, defendant Roter. The Unimog was owned by the corporation and was primarily used in its mining operations. It was equipped with a front-end loader attachment which weighed approximately 1600 pounds. It was also equipped with a 2000–pound removable counterweight affixed to the rear bed of the vehicle with a steel band.

Roter was the sole shareholder of the corporation. He was also the only authorized driver of the Unimog.

The morning of the accident, Roter placed a spool of steel mining cable in the front-end loader, intending to move it from an upper driveway to a lower storage area on the corporation's property. When plaintiffs asked to ride in the Unimog, Roter placed them, unrestrained, in the rear bed of the vehicle. Roter then began descending the gravel road, which has an approximate 7% grade, at 4 to 5 miles per hour. Soon after beginning the descent, the Unimog pitched forward, breaking the restraining band on the counterweight which slid forward. This unbalanced the load and caused Roter to lose control of the vehicle. The vehicle then flipped over, off the road embankment, throwing plaintiffs into the creek below and severely injuring them.

Plaintiffs filed this lawsuit to recover damages for their injuries, consisting of past and future medical expenses, pain and suffering, and permanent disabilities. Defendants moved for summary judgment, asserting that the plaintiffs' claims were barred under the parental immunity doctrine. The trial court agreed and summarily dismissed plaintiffs' claims.

The thrust of plaintiffs' contention on appeal is that there exist genuine material issues of fact as to each defendant's liability which rendered the parental immunity doctrine inapplicable. Thus, they contend, entry of summary judgment was inappropriate. We agree.

The parental immunity doctrine is a rule of qualified immunity in Colorado. *Schlessinger v. Schlessinger*, 796 P.2d 1385 (Colo.1990). Specifically, the doctrine holds that a parent is immune from liability for a child's damage claim if the claim is predicated on simple negligence. *Horton v. Reaves*, 186 Colo. 149, 526 P.2d 304 (1974). However, claims based on a parent's willful and wanton misconduct, or claims based on injuries sustained by a child as a result of the parent's performance of business or employment duties, will not be barred despite the parent-child relationship. This is because such claims further none of the policy reasons prompting the doctrine. *See Trevarton v. Trevarton*, 151 Colo. 418, 378 P.2d 640 (1963).

I.

Here, after noting that the facts concerning how the accident occurred were undis-

puted, the court decided that they were insufficient to invoke either exception to the parental immunity doctrine. The trial court therefore concluded that because there were no genuine issues of material fact, both defendants were entitled to judgment as a matter of law.

Thus, the dispositive issue before us is whether such disputed material fact issues did indeed exist, and if so, whether they precluded the entry of summary judgment. We conclude that they did.

While each individual fact was indeed undisputed, the inferences to be drawn, by a reasonable fact-finder, from the combination of such circumstances are ultimate fact issues and were very much in dispute. And, such conclusions are critical in determining whether the parental immunity doctrine is applicable.

■ The record discloses that plaintiffs alleged, both in their complaint and in their submissions in opposition to summary judgment, a number of undisputed circumstances in support of their position that Roter's conduct went beyond simple negligence and constituted willful and wanton misconduct. Specifically, plaintiffs cited their young age, 2 and 4 years respectively, their unrestrained position in the open rear bed of the Unimog, together with the fact that it was not designed to carry persons. They note the danger resulting from their proximity to the insecurely fastened counterweight and the steep grade of the road being traveled. They likewise point out that, because of their positions relative to that of Roter while operating the machine, he could not get to them in case of an emergency.

■ Willful and wanton misconduct does not require the actor to possess an intent to injure anyone, only that his act be purposeful and be accompanied by dangers of which the actor should have been aware from his knowledge of surrounding circumstances and existing conditions, but which he nonetheless committed recklessly and without regard to another's safety. *See Schlessinger v. Schlessinger, supra; Pettingell v. Moede*, 129 Colo. 484, 271 P.2d 1038 (1974).

■ Whether conduct or negligence is willful and wanton is generally a question of fact. *See Wolther v. Schaarschmidt*, 738 P.2d 25 (Colo.App.1986) (The issue of a party's intent is generally a question of fact and is not appropriate for summary disposition).

We conclude that the circumstances cited by plaintiffs were sufficient to support an inference by a reasonable fact finder that Roter's conduct while not intentional, was nonetheless purposeful, accompanied by recognizable dangerousness, and was in reckless disregard of the plaintiffs' safety. Hence, the court erred in concluding that, as a matter of law, the willful-and-wanton-conduct exception to the parental immunity doctrine was not applicable here.

## II.

In ruling that there was no issue as to whether Roter's conduct constituted employment duties, the trial court concluded:

Plaintiffs do not allege, *nor do the facts suggest that Roter and his daughters occupied anything other than a parent child relationship on the date of the accident.* Roter's activities with respect to the business of [the corporation] were incidental to that relationship ... (emphasis added)

■ The record, however, discloses undisputed evidence in support of plaintiffs' position that they were injured during Roter's exercise of his corporate duties. In this regard, plaintiffs cite Roter's status as the sole shareholder of the corporation and his being the only authorized driver of the Unimog, which Roter had acknowledged was mostly used on the corporation's mining property. Plaintiffs bolster their position with Roter's admission that he was using the Unimog the day of the accident "in the furtherance of [the] corporation's business."

These undisputed facts, likewise, would be sufficient to support a reasonable factual inference that plaintiffs were, indeed, injured, as in *Trevarton v. Trevarton, supra,* while their parent was engaged in acts

of his corporation or of his employment by the corporation, to wit, acts unrelated in purpose to the discharge of his parental duties.

It is true, as defendants argue, that there are other undisputed facts in this case that could support reasonable inferences contrary to the ones just discussed. Nonetheless, if reasonable persons might reach different conclusions from facts about which there is no dispute, a genuine issue of fact has been raised and summary judgment must be denied. *Hasegawa v. Day*, 684 P.2d 936 (Colo.App.1983). This is precisely the situation presented here, and the trial court erred in finding and concluding to the contrary.

### III.

It should be noted that, while the parental immunity doctrine provides no protection to a corporation, the resolution of the factual issues concerning "willful and wanton" and "course of employment" may well be determinative of the corporation's liability here. Thus, the dismissal of the claim against the corporation on summary judgment was improper.

In light of the foregoing discussion, we hold that numerous issues of fact exist which if resolved in plaintiffs' favor would entitle them to appropriate relief. Thus, the summary judgment dismissing plaintiffs' claims was in error. *See Jones v. Dressel*, 623 P.2d 370 (Colo.1981).

The judgment is reversed, and the cause is remanded to the trial court to reinstate all of plaintiffs' claims and for further proceedings thereon.

STERNBERG, C.J., and CRISWELL, J., concur.