In the Matter of JOSEPH RAMAGLIA et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [773 NYS2d 167]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Spargo, J.), entered February 26, 2003 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Transportation denying petitioners' Freedom of Information Law request, and (2) from an order of said court, entered August 13, 2003, which denied petitioners' motion for reconsideration.

Respondent Department of Transportation (hereinafter DOT) entered into a contract to replace overpasses on the Long Island Expressway. As required by the DOT contract, the contractor obtained structural steel that was shop painted, meaning that it was painted in the shop rather than on the construction site. The structural steel producer painted the steel at its Pennsylvania factory. It may not have paid its employees the prevailing wage. Petitioner Joseph Ramaglia, a business representative for the union petitioners, made a request under the Freedom of Information Law (*see* Public Officers Law art 6) (hereinafter FOIL) for copies of the steel company's payroll records in order to determine whether that company was violating the prevailing wage laws which protect workers on public works projects (*see* Labor Law § 220 [3]; NY Const, art I, § 17). DOT officials, all respondents here, responded that DOT did not possess, nor was it required to collect, payroll records for the steel company.

Petitioners commenced this CPLR article 78 proceeding seeking to compel respondents to obtain and produce these payroll records. Supreme Court found that DOT had no obligation to obtain payroll records from the steel company because it was only a materials supplier, so DOT could not be compelled to procure or produce those records. Petitioners now appeal.*

While it is uncontested that the overpass replacement contract was a public works contract subject to the prevailing wage law (*see* Labor Law § 220 [3]), that law "does not include contracts for the sale of goods used in public works projects" (*Matter of Bridgestone/Firestone, Inc. v Hartnett*, 175 AD2d 495, 497 [1991]; *see Bohnen v Metz*, 126 App Div 807, 809-810 [1908], *affd* 193 NY 676 [1908]). This is true even where a manufacturer

---

* Petitioners appeal the judgment dismissing their petition as well as an order denying their motion for reconsideration. The latter appeal is deemed abandoned by their failure to address it in their brief (*see Smith v Sheppard*, 301 AD2d 913, 914 n 1 [2003]).

creates a custom product or performs finishing work on the materials before delivery (*see Ewen v Thompson-Starrett Co.*, 208 NY 245, 251 [1913]; *Bohnen v Metz, supra* at 809-810). One factor to consider in determining where supply of materials ends and construction of public works begins is whether the work on the materials entering into the construction project was customarily and usually done at the construction site or is a normal part of the manufacturing process (*see Garofano Constr. Co. v City of New York*, 180 Misc 539, 540 [1943], *affd* 266 App Div 960 [1943]). This factor may change over time due to technological advances in manufacturing. Here, while it may previously have been customary to paint new steel on site, the record indicates that it is now customary to use shop-painted new steel to create a better finished product, to avoid traffic disruption, and for environmental reasons. Because the steel company acted solely as a materials supplier, supplying shop-painted structural steel, its workers were not subject to the prevailing wage laws. As DOT was under no obligation to collect payroll records from the steel company (*see* Labor Law § 220 [3-a] [a]), it had no obligation to obtain those records in order to supply them in response to Ramaglia's FOIL request (*see* Public Officers Law § 89 [3]).

Cardona, P.J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.