■ JOSE RODRIGUES et al., Plaintiffs, v N & S BUILDING CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CALDAS CONCRETE COMPANY, INC., et al., Third-Party Defendants-Respondents. [778 NYS2d 543]—

Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 23, 2003 in Ulster County, which, inter alia, granted a motion by third-party defendant Caldas Concrete Company, Inc. for summary judgment dismissing the third-party complaint against it.

Plaintiff Jose Rodrigues, an employee of third-party defendant Caldas Concrete Company, Inc., was injured when he tripped and fell on a piece of iron rebar at a construction site. Caldas was a subcontractor of defendant N & S Building Contractors, Inc. Plaintiffs commenced this action against the owner of the property and N & S, which in turn commenced a third-party action against Caldas, among others, seeking contractual indemnification for any damages awarded to plaintiffs. Following joinder of issue, N & S moved for summary judgment dismissing portions of plaintiffs' complaint and directing Caldas to indemnify N & S for any damages recovered by plaintiffs. Caldas cross-moved for dismissal of the complaint and N & S's claim for contractual indemnification. In response, plaintiffs withdrew all of their causes of action except that accruing under Labor Law § 241 (6). Supreme Court denied the motions of N & S and Caldas seeking dismissal of plaintiffs' remaining cause of action and granted Caldas's cross motion dismissing N & S's contractual indemnification claim. N & S appeals, challenging the dismissal of its contractual indemnification claim against Caldas.[1]

Workers' Compensation Law § 11 precludes third-party indemnification claims against employers, such as that asserted by N & S against Caldas here, unless (1) the employee sustained a "grave injury" or (2) the claim is "based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered." There is no allegation that Rodrigues suffered a "grave injury" here. We note initially the Legislature's intent that Workers' Compensation Law § 11 limit employers' exposure to third-party liability (see Assembly Mem in Support, 1996 McKinney's Session Laws of NY, at 2562, 2565; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584-585 [1998]; see also Governor's Approval Mem, 1996 McKinney's Session Laws of NY, at 1915). With respect to indemnification clauses generally, "[w]hen a party is under no

**1.** Inasmuch as N & S does not address the denial of its motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim, we deem the issue to be abandoned (see *Ramaglia v New York State Dept. of Transp.*, 5 AD3d 909, 910 n [2004]).

legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Even assuming that the parties' "Insurance, Indemnification and Safety Agreement" was intended to apply to work on the construction site at which Rodrigues was injured, the agreement does not unambiguously and expressly provide that Caldas must indemnify N & S for injuries sustained by Caldas employees in the scope of their employment[2] (*see Secord v Willow Ridge Stables*, 261 AD2d 965, 966 [1999]; *cf. Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919-920 [2000]). Accordingly, we conclude that Supreme Court properly dismissed N & S's claim for contractual indemnification.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** The agreement specifies neither the persons covered nor the types of losses covered, contains no reference to the instant job site and states only that Caldas agrees to indemnify N & S "[t]o the fullest extent permitted by law."