**FIRELANDS SEWER & WATER CONSTRUCTION CO., INC., Plaintiff,**

**v.**

**Nicholas S. VALENTINE, Jr., Individually and in his capacity as Director of the Bureau of Public Works, Department of Labor of the State of New York, et al., Defendants,**

**Building Trades Council, Buffalo, New York and Vicinity, Defendant-Intervenor.**

**No. Civ–75–281.**

United States District Court, W. D. New York.

Dec. 3, 1975.

**1232**

Brown Maloney, Gallup, Roach & Busteed, P. C., Buffalo, N.Y. (Daniel T. Roach, and Joseph V. McCarthy, Buffalo, N.Y. of counsel), for plaintiff.

Louis J. Lefkowitz, Atty. Gen., for the State of New York (James L. Kennedy, Buffalo, N.Y., of counsel), for defendant Nicholas S. Valentine, Jr.

James M. Nesper, Buffalo, N.Y., for defendants Allen E. Dekdebrun, Councilmen and Special Improvement District.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y. (Richard Lipsitz, Buffalo, N.Y., of counsel), for defendant-intervenor Building Trades Council.

CURTIN, Chief Judge.

This case poses the question of whether or not there is a conflict between New York Labor Law § 220(2–a)[1] and 40 U.S.C. § 328.[2] Section 220(2–a) makes it a crime for any corporation contracting with a state or a municipal corporation in New York State to require more than eight hours work for a day's labor unless otherwise permitted by law. Section 328 provides that any laborer or mechanic employed on federally assisted projects shall be paid time and a half for all hours worked in excess of eight hours per day, or in excess of forty hours in any work week.

The plaintiff, Firelands Sewer & Water Construction Co., Inc. [Firelands], an Ohio corporation, obtained a contract to perform sewer and pipeline construction work in the Town of Amherst, New York. The conflict between the two statutes arose when Firelands attempted to have its employees work more than eight hours a day and more than forty hours a week. It is willing to pay them time and a half for this overtime work. Firelands sought a temporary restraining order in this court after town and state officials threatened them with arrest under § 220(2–a). Jurisdiction of this court exists by virtue of 28 U.S.C. §§ 1331, 1332 because there is diversity of citizenship and the amount in controversy exceeds $10,000, and because a federal question has been raised.

On July 11, 1975 this court issued a temporary restraining order enjoining the defendants from interfering in any manner with the plaintiff's performance of its contract with the Town of Amherst, particularly with relation to the enforcement of § 220(2–a) of the Labor

1. New York Labor Law § 220(2–a) (McKinney Supp.1975) provides:

Any person or corporation contracting with the state or a public benefit corporation, or a muncipal corporation, or a commission appointed pursuant to law that shall require more than eight hours work for a day's labor, unless otherwise permitted by law, is guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not less than five hundred dollars nor more than one thousand dollars for each offense.

2. 40 U.S.C. § 328 provides:

Notwithstanding any other provision of law, the wages of every laborer and mechanic employed by any contractor or sub-contractor in his performance of work on any contract of the character specified in section 329 of this title shall be computed on the basis of a standard workday of eight hours and a standard workweek of forty hours, and work in excess of such standard workday or workweek shall be permitted subject to the provisions of this section. For each workweek in which any such laborer or mechanic is so employed, such wages shall include compensation, at a rate not less than one and one-half times the basic rate of pay, for all hours worked in excess of eight hours in any calendar day or in excess of forty hours in the workweek, as the case may be.

Law of the State of New York. The order was extended until July 23, 1975 when, after hearing arguments on plaintiff's motion for a preliminary injunction, the court lifted the temporary restraining order and took the motion for preliminary relief under consideration. Since that time the defendant-intervenor, Building Trades Council, and the defendant, Nicholas S. Valentine, Jr., represented by the Attorney General's Office of the State of New York, have moved for summary judgment. The court is now ready to consider the various motions made by the parties.

The facts giving rise to this lawsuit can be briefly stated. On December 30, 1974 plaintiff entered into a contract for the performance of certain sanitary sewer work in the Town of Amherst, New York. On April 16, 1975 the defendant, Nicholas S. Valentine, Jr., Director of Public Works of the State of New York Department of Labor, refused to grant authorization to the plaintiff so that its employees might work over eight hours in any one day, or over five days in any one week. Thereafter, on various occasions plaintiff received notice of labor law inspection findings by the Department of Labor of New York State from the defendant Valentine, which notices alleged that plaintiff was performing its work under the contract in violation of § 220(2–a) in that plaintiff was permitting overtime work to be performed at the contract site. In addition to the above, plaintiff's problems were multiplied by actions taken by certain Town of Amherst officials. On June 26, 1975 the consulting engineer employed by the Town of Amherst directed compliance with §§ 220(2–a) and 223.[3] On June 28 the consulting engineer, acting pursuant to the instruction of the defendants' town attorney, directed that work cease upon the contract because of alleged violations of §§ 220(2–a) and 223 and, on July 3, a similar communication from the consulting engineer advised that the

contract would be terminated because state law had not been followed. Furthermore, after July 3 defendant Town of Amherst continued to maintain the above position and the defendant State of New York continued to threaten enforcement proceedings pursuant to §§ 220(2–a) and 223 of the New York State Labor Law.

In its motion for a preliminary injunction, plaintiff contends that overtime work by its employees in the performance of its contract is permitted according to the contract and federal law. The contract between plaintiff and defendant Town of Amherst provides, *inter alia*:

6. *Labor Standards*

The Federal Labor Standards Provisions for Federally Assisted Construction Contracts, EPA Form 5720–4 (5–73), as reproduced on the following four pages, are hereby made a part of this contract, and their requirements or provisions shall supersede provisions and requirements stated elsewhere in the Contract Documents.

The contract also provides:

4. *State and Local Laws*

The construction of the project, including the letting of contracts in connection therewith, shall conform to the applicable requirements of State, territorial, and local laws and ordinances to the extent that such requirements do not conflict with Federal laws.

Plaintiff argues that there is a conflict between federal and state law raised by virtue of the above provisions because 40 U.S.C. § 328 permits overtime work on federally assisted projects and § 220(2–a) of the New York State Labor Law prohibits it. The defendant New York State and defendant-intervenor Building Trades Council, on the other hand, argue that § 328 only provides for the payment of at least time and a half

3. Section 223 provides for the manner of enforcement of § 220(2–a) and other sections in this article of the Labor Law.

whenever overtime work is performed and that this is not a mandate which would be in conflict with § 220(2–a), prohibiting overtime work altogether.

██ The court finds that there is no conflict between the two sections. A common-sense reading of § 328 indicates that it addresses itself to and provides for wages to be paid on public works projects when overtime work is involved. It does not mandate overtime work, but affects employees on public projects only when overtime work is permitted. Therefore, since § 220(2–a) simply prohibits overtime work on contracts such as this, there is not a conflict with § 328.

Furthermore, the legislative history of § 328, 1962 U.S.Code Cong. & Admin. News, p. 2130, indicates that Congress did not intend to interfere with state regulation of the hours of work in situations such as the instant case. It was Congress' intention that when there is overtime work, it is the obligation of the employer to pay the employee at a rate not less than one and a half times the basic rate of pay for all hours worked in excess of eight hours in any calendar day, or in excess of forty hours in any work week. *Id.*

██ In determining whether or not to uphold § 220(2–a) of the New York State Labor Law, the court is bound by the principle that state statutes, otherwise valid, must be upheld unless there is found such actual conflict between the two schemes of regulation that both cannot stand in the same area, or evidence of a congressional design to preempt the field. *Fitzgerald v. Catherwood*, 388 F. 2d 400 (2d Cir. 1968); *Head v. New Mexico Board of Examiners*, 374 U.S. 424, 430, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963). From the above discussion, it is clear that Congress neither intended to preempt the field of regulation of overtime pay nor that there is a conflict between the two sections. Furthermore, these two statutes are reconcilable in that the operation and effect of either statute would not tend to frustrate the other. *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 141, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Colorado Anti-Discrimination Comm'n v. Continental Air Lines*, 372 U.S. 714, 722, 83 S.Ct. 1022, 10 L.Ed.2d 84 (1962).

Finally, the plaintiff has called the court's attention to a letter which was written by the Regional Administrator of the Environmental Protection Agency, Gerald M. Hansler, and sent to the Commissioner of the New York State Department of Environmental Conservation, Ogden R. Reid. Mr. Hansler points out that § 222 of the New York State Labor Law, which mandates a preference for employment of state residents, is in conflict with 40 C.F.R. §§ 35.935–2(b) and 35.938–4(h)(4). Plaintiff argues that since these sections are in conflict, the sections at issue in this lawsuit are also. Certainly there is no basis for this argument.

In conclusion, in light of the above findings of fact and conclusions of law, the court hereby grants defendants' motion for summary judgment. The plaintiff's motion for preliminary relief and a permanent injunction is hereby denied and the complaint is dismissed.

So ordered.