■  In the Matter of the Claim of JOHN BURKHOLDER, JR., Appellant, v BURKHOLDER BROS., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 23, 1979, which modified an Administrative Law Judge's decision by reducing the rate of reduced earnings payable to claimant as a result of his permanent total disability. By decision of the board filed on August 2, 1977, it was determined that claimant sustained a compensable neck injury while operating a backhoe on December 16, 1974. He had previously sustained a compensable back injury on April 4, 1957. Subsequent to these injuries claimant was receiving weekly compensation payments of $89 apportioned between the two injuries when, in November, 1977, the insurance carrier on the 1974 claim filed a form C-22 seeking to suspend its payments to claimant based upon medical reports allegedly showing a change in claimant's condition on and after November 8, 1977. An Administrative Law Judge ruled that the $89 weekly payments should continue, however, and the carrier appealed to the board. Upon its review of the matter, the board held that claimant has a permanent total disability causally related to both accidents and that he should receive weekly payments of $80 apportioned $36 against the 1957 back injury and $44 against the 1974 neck injury. Claimant now appeals. Initially, we hold that the board's decision reducing claimant's weekly rate to $80 relates solely to payments made subsequent to November 8, 1977. Not only did the carrier's form C-22 allege a change in claimant's condition on or after that date, but also the only evidence in support of the carrier's position comes from a medical examination of claimant on that date. Such being the case, there is no evidence in the record of any change in claimant's condition prior to November 8, 1977, and under these circumstances, any attempt by the carrier to apply the $80 rate to payments made before November 8, 1977 and thereby recoup alleged overpayments to claimant is clearly unjustified and cannot be permitted. Additionally, and most significantly, we also find no explanation in the record for the board's reduction of claimant's weekly compensation rate from $89 to $80. This reduction appears particularly incongruous when it is noted that the board continues to find that claimant has a permanent total disability. Moreover, since claimant's attorney mistakenly indicated during a hearing before the board that the maximum rate which plaintiff could receive was $80, the board might well have utilized this erroneous $80 figure in determining claimant's benefit rate. Accordingly, with these circumstances prevailing, we conclude that this matter must be remitted to the board for either a clarification as to how the $80 rate was established or a further adjustment of the rate. Decision withheld, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.