■ A. J. CERASARO, INC., Respondent, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant. — Judgment unanimously re-

versed, without costs, and petition dismissed. Memorandum: A CPLR article 78 proceeding to annul a prevailing wage redetermination issued under section 220 of the Labor Law must be commenced, in accordance with CPLR 217, within four months of the notice of entry of the determination (*Matter of Schultz Constr. v Ross*, 76 AD2d 151, affd 53 NY2d 792). Special Term, in declining to dismiss the proceeding as time barred relied on the contrary holding in *Ronco Communications & Electronics v Valentine* (70 AD2d 773) which must be deemed overruled by the affirmance of *Schultz Constr.* In *Schultz Constr.*, the court stated (p 155): "[T]he right to a hearing is personal to these petitioners, and the lack of underlying compliance to invoke the short period of 30 days [under former subdivision 8 of section 220 of the Labor Law] does not establish that CPLR 217 is inapplicable. The fact that the finality of the order of redetermination was subject to attack and the statutory infirmities were such as to bar the start of its own short Statute of Limitations does not establish that there was not otherwise a final determination subject to CPLR article 78 review. In the absence of judicial proceedings, the order of the Industrial Commissioner was final and enforceable, insofar as the withholding of contract payment is concerned". Here, it is undisputed that an upward redetermination of prevailing wage rates was issued on June 14, 1977, and notice thereof received on or about June 18, 1977, and that withholding notices were received between August 26, 1977 and May 15, 1979. Petitioner did not commence this proceeding seeking to annul both respondent's wage and supplement redeterminations and notices to withhold payment of moneys issued on the basis of the redeterminations until November 23, 1979. The proceeding is accordingly time barred. Respondent did not waive the Statute of Limitations defense by the letter of March 16, 1978 advising that he was awaiting a decision in a pending appeal before scheduling a hearing. Petitioner's letters of February 16, 1978 and February 20, 1978 demanding a hearing were untimely inasmuch as petitioner's time to commence a proceeding to challenge the rate determination of June 18, 1977 had already elapsed. (Appeal from judgment of Supreme Court, Livingston County, Provenzano, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.