■ In the Matter of NORTH COUNTRY INSTALLERS, Petitioner,

v Commissioner of Labor for the State of New York, Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner had underpaid its employees.

Petitioner was the subcontractor to Nickerson Corporation, which was awarded a contract by the Watervliet Enlarged City School District to renovate and refurbish metal lockers at Watervliet High School in Albany County. Although petitioner did not receive a copy of the prevailing wage rate schedule until March 8, 1986, after the work was completed, the Department of Labor undertook an investigation and audited petitioner's records beginning in July 1985 and continuing until January 1986, when requested materials were finally produced. As a result of the audit, the Department issued a notice of Labor Law violation alleging that petitioner underpaid certain of its employees for sheet metal work. Following a hearing, respondent adopted so much of the Hearing Officer's findings of fact, conclusions of law and recommendations as found a total underpayment of $3,639.74 and assessed interest thereon, and further determined, *inter alia,* that the work at issue was properly classified as sheet metal work, that petitioner failed to contest the determination of the prevailing wage rate schedule as provided in Labor Law § 220 (6) and that no civil penalty should be assessed against petitioner because its failure to pay prevailing wages and supplements was not a willful violation of Labor Law article 8. This CPLR article 78 proceeding was thereafter commenced on March 27, 1987.

In *Matter of Twin State CCS Corp. v Roberts* (125 AD2d 18, *appeal dismissed* 69 NY2d 1037), this court recently held that a challenge to respondent's classification of employees as "electricians" and the wage and supplement rate set therefor was untimely because it was commenced more than four months after the petitioner received the prevailing wage rate schedule *(see,* CPLR 217). In this case, it is undisputed that petitioner received the prevailing wage rate schedule on March 8, 1986, but that this proceeding challenging that schedule and respondent's classification of petitioner's employees as sheet metal workers was not commenced until more than one year thereafter. Accordingly, this proceeding is time barred.

We find nothing in the record sufficient to distinguish this case from our holding in *Twin State.* The fact that petitioner did not receive the prevailing wage rate schedule until after

the work was completed does not in any way diminish the effect of the schedule or the ability of petitioner to challenge it or the underlying classifications within four months. Furthermore, the language of *Twin State* does not restrict the four-month limitation period merely to cases involving redetermination of wages as urged by petitioner, but applies to initial wage rate determinations and the underlying job classifications *(Matter of Twin State CCS Corp. v Roberts, supra,* at 22). In this regard, petitioner's claim under Labor Law § 220 (5) that less than 30% of the workers performing locker refurbishing in the locality were unionized appears to be nothing more than another challenge to the wage rate schedule and job classification, a challenge which should have been undertaken within four months of March 8, 1986.

We also find no merit to petitioner's contention that the Department's notice of hearing, which was issued within the applicable four-month period, served to toll the period of limitations and permits the instant challenge to proceed. Petitioner's receipt of the prevailing wage rate schedule on March 8, 1986 constituted notice to petitioner of payments required on this project and the four-month limitations period ran from that date *(supra,* at 22). No proceeding pursuant to CPLR article 78 was commenced within that time period and, thus, CPLR 217 was not satisfied. The hearing held herein was solely for the purpose of determining whether petitioner had complied with the prevailing wage rate schedule *(see,* Labor Law § 220 [7], [8]), which could have been challenged earlier *(see,* Labor Law § 220 [6]; *Matter of Twin State CCS Corp. v Roberts, supra).* Under such circumstances, the notice of hearing simply cannot be substituted for a CPLR article 78 proceeding commenced by petitioner to challenge a specific adverse final determination by a body or officer.

Having failed to challenge in timely fashion the prevailing wage rate schedule or the use of job classifications thereunder, our review is limited to a determination of whether respondent's determination of underpayments is supported by substantial evidence. Our review of the record reveals that respondent's determination is so supported and, therefore, the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.