■ In the Matter of GREEN ISLAND CONSTRUCTION CO., INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.—Determination unani-

mously confirmed and petition dismissed without costs. Memorandum: The determination of the Commissioner of Labor that petitioner willfully failed to pay overtime wages to its employees is supported by substantial evidence. We reject petitioner's interpretation of Labor Law § 220 (2), made for the first time in this proceeding that payment for work on the sixth working day in one week is not required unless a laborer works more than 40 hours during that week. Labor Law § 220 (2) provides that unless a dispensation is granted no laborer shall "work more than eight hours in any one calendar day or more than five days in any one week", and whenever a dispensation is granted, "all work in excess of eight hours per day and five days per week shall be considered overtime work". The plain meaning of the statutory language is that laborers shall not be required to work on more than five days in any one week, but if they do work on the sixth day they are entitled to overtime pay.

We further reject petitioner's argument that it was entitled to use the Federal wage schedule rather than the State wage schedule because the Federal rates were higher. Congress did not intend to preempt State statutes requiring overtime pay (*Firelands Sewer & Water Constr. Co. v Valentine*, 404 F Supp 1231). Where the State overtime provisions provide greater benefits than the Federal overtime provisions, the State provisions must be applied (*Fitzgerald v Catherwood*, 388 F2d 400, 403, *cert denied* 391 US 934).

A violation of Labor Law § 220 is willful when the contractor acts " 'knowingly, intentionally or deliberately' " (*Matter of Cam-Ful Indus. [Roberts]*, 128 AD2d 1006; *Matter of Valvo [Ross]*, 83 AD2d 344, 346, *affd* 57 NY2d 116). Here, whether petitioner acted willfully depends upon whether it knew or should have known that its actions violated the Labor Law (*see, Gross Plumbing & Heating Co. v Department of Labor*, 133 AD2d 524; *Matter of Hull-Hazard, Inc. v Roberts*, 129 AD2d 348, 352; *Matter of Valvo [Ross]*, *supra*, at 346). Upon the evidence in the record, respondent was entitled to infer that petitioner should have known that its conduct was unlawful. Petitioner was a contractor with extensive experience with public work contracts and was familiar with State and Federal laws and regulations concerning wages to be paid on public projects. Its president had discussions with the other officers of the corporation about whether it was lawful not to pay overtime wages for work on the sixth day, yet he never obtained the advice of counsel or of representatives of the Labor Department.

*Matter of Hull-Hazard, Inc. v Roberts (supra),* relied upon by petitioner, may be distinguished. There the court held that Labor Law § 220 (2) was subject to interpretation, and since the court had reached an interpretation contrary to that of the petitioner only after construing the statute as a whole, it could not be said that petitioner should have known that its action was unlawful. Here, however, in determining not to pay overtime for the sixth day of work, petitioner did not base its determination on any interpretation of Labor Law § 220 (2). Instead, it based its determination on its conclusion that the Federal statute superseded the requirements of State law. This was an erroneous conclusion which an experienced contractor engaged in performing public work should have known was erroneous *(see, Firelands Sewer & Water Constr. Co. v Valentine,* 404 F Supp 1231, *supra; see also, Fitzgerald v Catherwood,* 388 F2d 400, 403, *cert denied* 391 US 934, *supra).* (Labor Law § 220 [8].) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.