OPINION OF THE COURT
Memorandum.
The judgment should be reversed, with costs, and the matter remitted to the Appellate Division, Third Department, for determination of issues not passed upon by that court.
Petitioner, who installed a telecommunications system in the Clinton County Government Center, seeks review of a determination that it failed to pay prevailing wages to nine of its telephone installers pursuant to Labor Law § 220 (3). The determination was made after a compliance hearing required by Labor Law § 220 (8).
The Appellate Division concluded that the failure to annex *899 the "prevailing rate schedule” (PRS) to the specifications for the work was not improper, since the omission was corrected when petitioner was provided with, and acknowledged receipt of, the PRS during July of 1984. The court further held that the project at issue was a "public work” to which Labor Law § 220 (3) applies. Finally, the court found that the PRS placed petitioner on notice that respondent considered its telephone installers to be "electricians”. As a result, the proceeding, insofar as it challenged the classification of those employees as "electricians” and directed petitioner to pay them prevailing wages, was time barred, because it failed to raise any objection to the PRS within four months of its receipt.
We agree with the Appellate Division that the failure to annex the PRS to the work specifications did not relieve petitioner of its obligation to pay prevailing wages. Furthermore, we agree that the project constituted a "public work”. In determining whether a particular project constitutes a "public work”, the inquiry focuses on "the purpose or function of the project” (Matter of Erie County Indus. Dev. Agency v Roberts, 94 AD2d 532, 538, affd 63 NY2d 810). Here, the project, the installation of a telecommunications system which required a degree of construction-like labor, was installed in a public building for use by public employees. Therefore, the installation of the telecommunications system was a "public work” within the meaning of Labor Law § 220 (3).
However, we disagree that the challenge to the classification of petitioner’s employees as "electricians”, and to the order to pay those employees prevailing wages, was time barred. CPLR 217 provides that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner”. While the PRS indicated that telephone installers were classified as electricians, the classification did not become effective as to petitioner’s employees, nor was petitioner aggrieved by the classification, until respondent issued its determination (see, Matter of Martin v Ronan, 44 NY2d 374; Matter of O’Neill v Schechter, 5 NY2d 548, 554; Matter of Abramson v Commissioner of Educ., 1 AD2d 366, 371; see also, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.02, at 78-103). The determination was not final and binding, and the Statute of Limitations did not begin to run, until the determination was issued in November 1985. Since petitioner sought review of the Commissioner’s order within 30 days of its filing (see, *900 Labor Law §220 [8]), the challenge to the classification was not time barred.
The cases relied on by the Appellate Division (A. J. Cerasaro, Inc. v Ross, 94 AD2d 943, affd 60 NY2d 946; Matter of Schultz Constr. v Ross, 76 AD2d 151, 155, affd 53 NY2d 792), are distinguishable. Those cases involved redeterminations of prevailing wage rates, for which no hearing was required. The redeterminations were final and binding, and aggrieved the petitioners, who failed to commence article 78 proceedings within the four-month limitations period.
Since the Appellate Division failed to pass on the issues raised by petitioner with respect to the classification of its employees as electricians, we remit the matter to that court for a determination of those issues.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.