In the Matter of DOOR SPECIALTIES, INC., Petitioner, v COMMISSIONER OF LABOR, Respondent.—

The Commissioner properly rejected petitioner's argument that section 220 of the Labor Law does not apply to small public projects. The procedural provisions of the statute, which impose certain duties on the Commissioner and "the department of jurisdiction" in connection with the preparation of plans and specifications for public work projects (see, Labor Law § 220 [3], [3-a]) fail to provide an "unequivocal indication" that the Legislature intended to exclude small, unbid projects from the operation of the prevailing wage law (Matter of Gaston v Taylor, 274 NY 359, 364; 1943 Opns Atty Gen 309). The statute expressly recognizes certain exceptions to prevailing wage requirements (see, Labor Law § 220 [4]), creating "a fair inference that the Legislature intended that no other exceptions should be attached to the act by implication" (McKinney's Cons Laws of NY, Book 1, Statutes § 213). Moreover, the construction of the statute urged by petitioner, which would exclude small projects from prevailing wage requirements, is directly contrary to the overriding purpose of Labor Law § 220. In enacting the statute, the Legislature "had in mind, primarily and insistently, the need of providing protection against possible injustice on the part of the contractors in their dealing with their laborers, workmen and mechanics" (Matter of Gaston v Taylor, supra, at 364; see also, Bucci v Village of Port Chester, 22 NY2d 195, 201-202; Matter of Golden v Joseph, 307 NY 62, 67). Workers on small projects are no less entitled to be paid at the rate of wages prevailing in the locality than workers on larger, competitively bid public projects. Further, the public agencies' failure to provide petitioner with prevailing wage rate schedules does not deprive its workers of the statute's protection or relieve petitioner of its obligation to pay prevailing wages (see, Matter of Twin State CCS Corp. v Roberts, 72 NY2d 897; Matter of Armco Drainage & Metal Prods. v Moore, 285 App Div 236, 240). (Original proceeding pursuant to Labor Law § 220.) Present—Callahan, J. P., Boomer, Pine, Balio and Davis, JJ.