■ In the Matter of STEPHENS AND RANKIN, INC., Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found petitioner liable for unpaid wage supplements to five employees.

In April 1986, petitioner entered into a contract with the Niagara Falls Bridge Commission (hereinafter NFBC) for replacement of the asphalt overlay on the Lewiston-Queenston Bridge over the Niagara River. This bridge connects the United States and Canada and is owned and operated by the NFBC pursuant to a Joint Resolution of Congress (see, Pub L 75-490, 52 US Stat 767).

The contract specified that petitioner was required to pay at least the prevailing rates of wages to laborers on the bridge work but made no specific provision for the payment of wage supplements at the prevailing rate. The contract further stated that petitioner was to "comply with other applicable provisions of labor laws" and that it was to be "construed and performed under the laws of the State of New York".

Petitioner requested and received from the Department of Labor's Bureau of Public Work (hereinafter the Bureau) a prevailing wage rate schedule which included prevailing wage rate supplements required to be paid to those working in the various occupations involved in the project under Labor Law § 220. It is undisputed that petitioner requested advice from the NFBC and was apparently informed that the prevailing wage supplements did not have to be paid. Petitioner thereafter paid the appropriate prevailing hourly wage rates to its employees working on the New York side of the bridge but did not pay the prevailing wage supplements.

After receiving a complaint alleging that petitioner was not complying with the Labor Law, the Bureau conducted an audit of petitioner's payroll records. As a result of its investi-

gation the Bureau issued a notice stating that petitioner had underpaid wage supplements to five employees in the amount of $11,319.55, plus interest.

At the hearing on the alleged underpayments, petitioner objected to respondent's exercise of jurisdiction over the project. After the hearing the Hearing Officer concluded that the contract between petitioner and the NFBC was covered by Labor Law § 220 and that petitioner had failed to pay the supplements required by that statute. The Hearing Officer, accepting testimony that petitioner was advised by the NFBC that it was not required to pay prevailing wage supplements, found that the failure to pay was not willful and declined to impose a penalty. Respondent adopted the findings and conclusions of the Hearing Officer and petitioner commenced this proceeding to review the determination.

On appeal, petitioner contends that respondent erred in determining that Labor Law § 220 applies to its contract with the NFBC. Labor Law § 220 applies to public works contracts when "the state or a public benefit corporation * * * or a *commission appointed pursuant to law* is a party" (Labor Law § 220 [2] [emphasis supplied]). Petitioner contends that respondent erred in ruling that the NFBC is a "commission appointed pursuant to law" under the statute. According to petitioner, the only proper interpretation of this statute is to extend coverage to work performed pursuant to a contract to which the State or an entity established by the State is a party. Thus, the NFBC, which was created solely under Federal law, is not properly considered a "commission appointed pursuant to law".

Although the issue presented is one of pure statutory construction such that we are not required to give deference to respondent's interpretation *(Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, 541, *affd* 63 NY2d 810; *see, Matter of Judd v Constantine,* 153 AD2d 270, 273-274), we nonetheless agree with the construction adopted by respondent. The prevailing wage requirement of the Labor Law reflects a strong public policy in this State, embodied in the State Constitution (NY Const, art I, § 17; *see, Matter of Erie County Indus. Dev. Agency v Roberts, supra,* at 536), and the statute is to be liberally construed to carry out its beneficient purposes *(Bucci v Village of Port Chester,* 22 NY2d 195, 201). Thus, in our view, the statute's coverage was properly interpreted to include laborers involved in public works projects within the State pursuant to contracts with public or governmental entities. Moreover, we note that the NFBC functions

with significant State involvement in that half of its members are appointed by the Governor, its members are bonded by the Comptroller, and disputes with the NFBC may be litigated in New York courts.

Petitioner also contends that the application of the Labor Law to NFBC projects conflicts with the intent expressed in the Joint Resolution that the operations of NFBC be independent of State control. We disagree. The regulated party in this instance is petitioner, a private contractor, and demanding petitioner's compliance with the prevailing wage requirement is neither the regulation of the NFBC's internal operations (*cf., Matter of Agesen v Catherwood,* 26 NY2d 521, 525) nor inconsistent with any provision of the Joint Resolution. Moreover, at oral argument petitioner expressly conceded that it was not claiming a preemption of Labor Law § 220 by the Joint Resolution of Congress creating the NFBC.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.