■ CATTARAUGUS COMMUNITY ACTION, INC., Petitioner, v THOMAS P. HARTNETT, as Commissioner of Labor of New York State, et al., Respondents.—Determination unanimously annulled with costs and petition granted. Memorandum: In this CPLR article 78 proceeding, petitioner seeks to annul respondent's order and determination that construction of the Zafron Home for Parenting Adolescents in Salamanca was a public works project subject to the prevailing wage requirements of article 8 of the Labor Law. The home was built on private land pursuant to a contract between petitioner, a private not-for-profit corporation, and the New York State Department of Social Services (DSS) to provide mothers between 15 and 19 years of age with temporary housing, child care and parental skills education. DSS paid the full construction cost of the project under the Homeless Housing Assistance Program (HHAP), but petitioner retained title to the facility and agreed to maintain it as a homeless project for at least seven years.

The Labor Law does not define "public works project", but case law requires that the focus be on the purpose, nature and function of the construction *(see, Matter of Vulcan Affordable Hous. Corp. v Hartnett,* 151 AD2d 84; *Matter of Penfield Mechanical Contrs. v Roberts,* 119 Misc 2d 105, *affd* 98 AD2d 992, *affd* 63 NY2d 784; *Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, *affd* 63 NY2d 810). Applying the principles and holdings of those cases, we agree with petitioner that construction of the Zafron Home was not a public works project. Petitioner privately developed the facility and privately owns it. The Home is used for a specific and narrowly defined group. The mere fact that the State, through the HHAP, provided financial assistance to petitioner does not convert construction of the Home into a public works project. The public purpose behind the financing scheme of a project should not be confused with the private purpose or function of the venture itself *(see, Matter of Twin State CCS Corp. v*

*Roberts,* 125 AD2d 18, *revd on other grounds* 72 NY2d 897). Under the HHAP, the State does not lease, occupy or hold title to the project. The fact that petitioner agreed to operate the Home as a facility for homeless mothers for seven years does not support respondent's contention that it is a public works project *(see, Matter of 60 Mkt. St. Assocs. v Hartnett,* 153 AD2d 205).* (Original proceeding pursuant to Labor Law art 220.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.