■ In the Matter of NAFTILOS PAINTING AND SANDBLASTING, INC., Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. (And Another Related Proceeding.)—Mahoney, P. J. Proceedings pursuant to CPLR article 78 (initi-

ated in this court pursuant to Labor Law §§ 200 and 220-b) to review two determinations of respondent which, *inter alia,* found that petitioners failed to pay prevailing wage and wage supplements.

In December 1984, Penn-Crete Construction Corporation contracted with the Department of Transportation (hereinafter DOT) to rehabilitate bridges on Interstate Routes 84 and 684 in Putnam and Westchester Counties. Pursuant to Labor Law § 220 (1), the contract with DOT required that employees on the project be paid the prevailing wage in the locality of the project, as established in collective bargaining agreements between employees and unions, and a prevailing wage schedule was provided in the contract. A complaint was received from an employee of petitioner Naftilos Painting and Sandblasting, Inc., a subcontractor on the project, claiming that he had been paid below the prevailing wage. The Department of Labor, Bureau of Public Work (hereinafter DOL) then determined that Naftilos had underpaid employees $21,894.48. Pending a final determination, a notice pursuant to Labor Law § 220-b was issued to withhold payment to the prime contractor in the sum of $30,104.91, which included interest and penalty.

In April 1985, petitioner Nick Margaritis, doing business as Atlas Maintenance Company, contracted with DOT to paint bridges on Interstate Route 684 and State Route 22 in Putnam County. Again, the contract with DOT required that employees be paid the prevailing wage as established in area collective bargaining agreements, and a prevailing wage rate schedule was set forth in the contract. Shortly thereafter, based on the complaint made in the Naftilos matter, which alleged underpayments on both projects, DOL determined that Margaritis had underpaid his workers $28,909.27. After hearings, the Hearing Officer found that each petitioner had underpaid its employees and each was ordered to remit the underpayment plus 10% interest and a 20% penalty to respondent. Respondent adopted the Hearing Officer's report in each matter. Thereafter, petitioners initiated these CPLR article 78 proceedings in this court to review respondent's determinations.

Petitioners' contention that the Hearing Officer's determinations are affected by errors of law in that they failed to set forth an adequate basis for the calculation of the employee underpayments is supported by the record and, necessarily, mandates a remittal for further proceedings. The Hearing Officer's findings are conclusory in nature and lacking in

specificity. Here, the Hearing Officer, as confirmed by respondent, credited to various extents an employee's log, engineer's reports and certified payrolls. Apparently relying on these materials, the Hearing Officer computed specific amounts which employees were underpaid. The actual calculations used to determine the underpayments, however, are not set forth and the failure to show the computations used to formulate the actual amounts owed forecloses judicial review. While it is possible after an exhaustive review of the records to reproduce most of the underpayments by Margaritis and some by Naftilos, not all could be reproduced. We cannot guess at the theories employed. An agency determination must give a statement of facts which lead to the conclusion found to permit court review (see, Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914; Matter of Burkholder v Burkholder Bros., 75 AD2d 917; see also, Matter of Long Is. Light. Co. v Public Serv. Commn., 137 AD2d 205, 212, lv denied 73 NY2d 703). In the absence of sufficient explanation, remittal is appropriate for clarification.

Decision withheld, and matters remitted to respondent for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.