◼ In the Matter of BRIDGESTONE/FIRESTONE, INC., et al., Petitioners, v THOMAS F. HARTNETT, as Commissioner of Labor of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner Laco Roofing, Inc. had underpaid its employees.

In August 1983, the Office of General Services (hereinafter OGS) contracted with Cowper Construction Company to reconstruct and repair the State Armory located in the City of Buffalo, Erie County. Cowper subcontracted with Grove Roofing Company to construct the roof on the Armory. Grove purchased the roofing material from the predecessor in interest of petitioner Bridgestone/Firestone, Inc. (hereinafter Fire-

stone). This material was purchased with a written 10-year warranty as was required in both the general contract and subcontract. The roofing system was thereafter installed pursuant to the contract specifications and Firestone's own installation manual.

Subsequently in late 1987 and early 1988, OGS found that the roof installed on the Armory was leaking. Grove returned to the site to make temporary repairs to the roof under the warranty and Firestone was also contacted. Firestone ultimately determined that the roof was defective and hired petitioner Laco Roofing, Inc. to replace the defective roofing material. Just prior to completion of the work, however, the Department of Labor's Bureau of Public Works received a complaint which alleged that Laco was not paying its workers the prevailing rates for the project. An investigation was conducted and, ultimately, Firestone and Laco received a notice from respondent charging, *inter alia,* that they had failed to pay prevailing wages or supplements to Laco's employees. After an administrative hearing, the Hearing Officer determined that the warranty work performed on the Armory roof was public work pursuant to Labor Law § 220 and, therefore, Firestone and Laco must pay the employees prevailing wages and supplements. Respondent confirmed the Hearing Officer's report and recommendation in its entirety. Firestone and Laco (hereinafter collectively referred to as petitioners) then commenced this proceeding challenging respondent's determination.*

Petitioners contend that a manufacturer's replacement of warranted goods used in a public works project cannot constitute a public works contract subject to the prevailing wage rate requirement of Labor Law § 220. We disagree. Although we are not required to afford deference to respondent's interpretation of the statutes *(see, Matter of Stephens & Rankin v Hartnett,* 160 AD2d 1201, 1202), we nevertheless must agree with conclusions arrived at by respondent in the case at bar. The Labor Law's prevailing wage requirement reflects a strong public policy in this State and the statute is to be liberally construed to effectuate its beneficent purposes *(supra).* As a general rule, the following two elements must be present before the statute applies: "(1) the public agency must be a party to a contract involving the employment of laborers

---

* Pursuant to stipulation of the parties after this proceeding was commenced, Magnolia Bay Associates was substituted as a petitioner for Laco, its predecessor in interest.

* * * and (2) the contract must concern a public works project" *(Matter of Erie County Indus. Dev. Agency v Roberts,* 94 AD2d 532, 537, *affd* 63 NY2d 810).

With respect to the first element necessary for application of the statute, we reject petitioners' contention that because the State was not a named party to the sales contract of the roofing materials, respondent is precluded from applying Labor Law § 220 to Firestone's warranty work. Significantly, there is no statutory requirement that the State be a direct party to the challenged contract because the wage and supplement provisions apply broadly to "laborers, work[ers] or mechanics upon such public works" (Labor Law § 220 [3]). The State's general contract required the roofing material to include a 10-year warranty. Accordingly, Firestone's 10-year warranty was an essential term of the State's general contract. Moreover, inasmuch as a warranty can be deemed to be a contract *(see,* 77 CJS, Sales, § 302 [c], at 1118-1119; *see also, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 55), the State was a party to the warranty contract since it was issued to the State.

As for the question of whether the subject agreement (whether it be perceived as the general contract or the subsequent warranty contract) concerns a public works contract, we find that it does. The replacement of the roofing material on the Armory, a State-owned public building, for the benefit of public employees certainly constitutes a public works project *(see, Matter of Twin State CCS Corp. v Roberts,* 72 NY2d 897, 899).* Notably, while a "public works" contract is not statutorily defined *(see, Matter of Erie County Indus. Dev. Agency v Roberts, supra,* at 537), the phrase has been judicially defined to include a contract to repair a "public works" project *(see, Matter of Sewer Envtl. Contrs. v Goldin,* 98 AD2d 606; *see also, Matter of Stephens & Rankin v Hartnett, supra).* Petitioners point out, however, that this definition does not include contracts for the sale of goods used in public works projects *(see, Bohnen v Metz,* 126 App Div 807, 810, *affd* 193 NY 676; *Downey v Bender,* 57 App Div 310, 314 [earlier cases involving the interpretation of a predecessor of Labor Law § 220]) and Firestone's original status in this matter was that of one selling roofing material. Nevertheless, Firestone subsequently contracted to repair the roof, if necessary, and Firestone's own preinstallation notice makes clear that a warranty contract was an optional component of any purchase of roofing material and, as such, the purchase price of the warranty was severable from the purchase price of the materials.

Petitioners' remaining arguments that Labor Law § 220 does not apply to its warranty work on the Armory's roof have been examined and have been found to be unpersuasive. The warranty was publicly funded in the amount of $2,100 of the general contract price. The lack of competitive bidding on the warranty contract does not mean that it cannot be considered a public works contract (*see, Matter of Door Specialties v Commissioner of Labor,* 158 AD2d 923, 924). As for petitioners' invocation of Public Authorities Law § 1209 and General Municipal Law § 103, we note that Labor Law § 220 is not in pari materia with either of these statutes as the objective of Labor Law § 220 is to benefit employees on a public works project (*supra; see, Matter of Stephens & Rankin v Hartnett, supra,* at 1202), whereas the other statutes' objectives are to prevent fraud and extravagance of public funds in public projects (*see, Matter of Citiwide News v New York City Tr. Auth.,* 62 NY2d 464, 472; *Matter of Twin State CCS Corp. v Roberts,* 125 AD2d 18, 21, *revd on other grounds* 72 NY2d 897).

In conclusion, we find respondent's determination that Labor Law § 220 was violated to be rational and within the parameters of the statute. Although petitioners raise other legal issues in the proceeding, we note that petitioners did not present these arguments to respondent at the administrative level. Accordingly, these arguments cannot be raised for the first time before this court (*see, Matter of Rauer v State Univ.,* 159 AD2d 835, 836; *Matter of Hennekens v State Tax Commn.,* 114 AD2d 599, 600).

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.