■ In the Matter of Saitanis Enterprises, Inc., Petitioner, v Thomas M. Hines et al., Respondents. [608 NYS2d 312] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Department of Labor of the State of New York, dated January 21, 1992, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner failed to pay the prevailing wages and supplements to its employees pursuant to Labor Law § 220.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record supports the Department of Labor's determination that the petitioner underpaid its workers. Further, the Department of Labor's calculation of underpayment is supported by substantial evidence. The law is well settled that when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject

the administrative agency's determination of credibility *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Sierra Telcom Servs. v Hartnett,* 174 AD2d 279, *cert denied —* US —, 113 S Ct 1413). Therefore, we find no basis for disturbing the Department of Labor's credibility determinations or the inferences which it drew from the testimony and other evidence presented at the hearing.

We also find the petitioner's contention that the workers should have been classified as "improvers" rather than "insulation/asbestos workers" to be untimely. The time to challenge classifications in the prevailing wage rate schedule is within four months of receipt of the schedule *(see,* CPLR 217; *Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820, 822; *Matter of North Country Installers v Commissioner of Labor for State of N. Y.,* 135 AD2d 1039, 1041). Having failed to challenge the schedule in a timely fashion, our review is limited to whether the Department of Labor's determination of underpayment is supported by substantial evidence. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.