■ In the Matter of MUNICIPAL HOUSING AUTHORITY FOR CITY OF YONKERS, Respondent, v THOMAS F. DUGAN et al., Appellants. [689 NYS2d 214] —In a proceeding pursuant to CPLR article 78 to review a determination of the Municipal Civil Service Commission of the City of Yonkers, dated May 6, 1997, which determined that Iliana Rodriguez had the right to "retreat" to the position of Tenant Relations Aide, Thomas F. Dugan, Mary E. Dorman, and Patricia Ortiz appeal, and Iliana Rodriguez separately appeals, from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), dated January 28, 1998, which granted the petition and annulled the determination.

Ordered that the appeal by Iliana Rodriguez is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is modified by adding thereto a provision remitting the matter to the Municipal Civil Service Commission of the City of Yonkers; as so modified, the judgment is affirmed insofar as appealed from by the remaining appellants, without costs or disbursements.

In its determination dated May 6, 1997, the Municipal Civil Service Commission of the City of Yonkers (hereinafter the Commission) stated that Iliana Rodriguez, who had been terminated from her employment with the petitioner Municipal Housing Authority for the City of Yonkers, had the right to "retreat" to the position of Tenant Relations Aide. In opposing the subsequent CPLR article 78 proceeding, the Commission acknowledged that, instead of stating that Rodriguez had the right to "retreat", the determination "should have stated that Rodriguez would be placed on a preferred list for the position of Tenant Relations Aide as of the date of her termination". The Commission now argues that it found that the position of Tenant Relations Aide was "comparable" to the position formerly held by Rodriguez so that her placement on a preferred list would be authorized by Civil Service Law § 81. However, the determination itself contains no such finding of comparability, and the Commission concedes that no such finding would have been necessary in order to support the conclusion that Rodriguez has the right to "retreat", which is the only

right to which the determination actually states Rodriguez is entitled.

The Supreme Court, noting that the determination rested on a conclusion which the Commission itself conceded was incorrect, granted the petition in its entirety, and annulled the determination. We agree that the concededly erroneous determination must be annulled. However, there remains the question as to whether, for example, the Commission could properly have found, based on the record before it, that the position of Tenant Relations Aide was in fact comparable to Rodriguez's former position of Section 8 Field Representative. The Commission takes the position that it implicitly made such a finding. However, no such finding is expressed in the text of the written determination and the Commission concedes that no such finding need have been made in order to support the only conclusion which is expressed in the determination, but which is now conceded to be wrong. Under these circumstances, the matter must be remitted to the Commission to make express findings of fact, and to make whatever it deems the correct determination to be. Without such minimal findings, and without a concrete statement of exactly what it is the Commission intended to determine, intelligent judicial review is not possible (*see, e.g., Matter of Montauk Improvement v Proccacino,* 41 NY2d 913, 914; *Matter of Naftilos Painting & Sandblasting v Hartnett,* 167 AD2d 700, 702). Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.